## 49046. AUER v. CITIZENS & SOUTHERN NATIONAL BANK.

STOLZ, Judge.
   The Citizens & Southern National Bank (C & S) sued Northwestern Company, as maker of a promissory note, and Sam E. Whitaker, Bob E. L. Pope and appellant William A. Auer, as guarantors of the subject note. Default judgment was taken against the maker and the guarantors, Whitaker and Pope. The note was dated December 24, 1969, in the principal sum of $111,755.48 with interest to maturity at 10% per annum and after maturity at 8% per annum. The note was payable 30 days after date of execution. The suit alleged that the note was then in default in the principal sum of $105,755.48 plus 15% of principal and interest as attorney fees.
   The defendant Auer's original answer amounted to a general denial of the allegations of the complaint. By amendment, the defendant pleaded that he "did not execute the note sued upon in this case, nor did he authorize anyone to execute the same for him and the same is not his act or deed."
   The jury returned a verdict for the plaintiff in the amount of $105,755.48 plus interest and 15% attorney fees. Thereafter, the court entered judgment for the

plaintiff in accordance with the verdict plus $28,338.16 interest and $20,114.05 attorney fees. The defendant appeals from the denial of his motion for new trial on general and special grounds. *Held:*

1. The verdict and judgment were amply supported by the evidence. The general grounds of the motion for new trial are without merit.

2. The defendant contends that the trial judge committed reversible error in refusing to give the following request to charge: "Lady and gentlemen of the Jury, I charge you that under the law of Georgia, the defendant may raise as many defenses to any action against him as he may have. One of the defenses raised in this case is that the defendant did, on occasion, for the mutual convenience of both himself and the plaintiff bank, sign promissory notes in blank, that is, signed printed or form notes which were not complete as to date, amount and time of payment. I charge you that if you find that the note sued on in this case was a note signed by the defendant in blank, then if the plaintiff bank, through its employees, later filled in the blanks, in order for the note to be valid and binding on the defendant, the blanks would have to be filled in in accordance with some understanding or agreement between the bank and the defendant. Otherwise, the note would not be binding on the defendant." The trial judge was correct. The defense raised was that the defendant had not signed or executed the note, not that the bank had improperly filled in the note after it had been executed. The foregoing request was not supported by the pleadings and evidence, hence would have been inappropriate.

3. The trial judge instructed the jury "Now, in this case, the sole issue that you are to try, Ladies and Gentlemen, is the issue of whether or not the signature on the note is that of the defendant William Auer."

The charge was proper. Denial of execution of the note was the only defense raised by the defendant's answer. The defendant testified to that effect. The plaintiff's witnesses testified positively that the note was filled in and executed on behalf of the maker, then signed by the three guarantors. The enumeration of error has no merit.

4. The defendant complains that the trial judge committed reversible error in charging the jury: "Now, Ladies and Gentlemen, I charge you that if you should find that the plaintiff is entitled to recover, the form of your verdict would be: We, the jury, find in favor of the plaintiff and against defendant in the sum of $105,755.48 plus accrued interest and 15% attorney's fees and costs, " and that the jury verdict, "We, the jury, find in favor of the plaintiff in the amount of $105,755.48 plus interest and fifteen percent attorney's fees, this 10th day of April, 1973, " and the judgment thereon are contrary to law and to the evidence, and without evidence to support them, in that the verdict merely finds in favor of the plaintiff (without reference to the defendant at all) and awards an unspecified amount of interest, without reference to the rate of interest or the date from which it should run, plus 15% attorney fees.

These complaints are totally without substance. The note was introduced into evidence. The rate of interest and the date from which it would be computed are contained therein, as are the provisions concerning attorney fees. The correspondence relative to the assessment of attorney fees for the collection of the note, was admitted by the defendant in his answer. It seems almost trite to have to observe, in litigation involving only one plaintiff and one defendant, that a verdict for the plaintiff is against the defendant. However, if there was an ambiguity, it was removed by the judgment entered by the trial judge.

*Judgment affirmed. Deen and Webb, JJ., concur.*

ARGUED FEBRUARY 11, 1974 — DECIDED APRIL 8, 1974 — REHEARING DENIED APRIL 19, 1974 —

*Wilkinson, Nance & Wittner, A. Mims Wilkinson, Jr.,* for appellant.

*Alston, Miller & Gaines, Ronald L. Reid,* for appellee.